**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| AMERICAN INSURANCE COMPANY, a Nebraska corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ST. JUDE MEDICAL, INC., a Minnesota corporation,<br><br>　　　　　　Defendant. | Court File No. 08-013 (DSD/JJG)<br><br>**ST. JUDE MEDICAL, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO ADD PARTY** |

## I.　　INTRODUCTION

St. Jude Medical, Inc. ("St. Jude Medical") submits this memorandum in support of its motion (Doc. No. 38) to add its former insurance broker, Willis of Minnesota, Inc., formerly known as Willis Corroon Corporation of Minnesota ("Willis"), as a party to this action.

For the policy period at issue, January 31, 1999 to January 31, 2000, Willis negotiated, procured and ultimately bound for St. Jude Medical a $250 million products liability insurance program consisting of eight layers of insurance, including Plaintiff American Insurance Company ("AIC") as the seventh-layer insurer. Among other things, Willis represented that the program would provide consistent, "follow form" coverage beginning with the first layer and continuing through each excess layer, including AIC's layer. Willis emphasized the importance of having such consistent, "follow form"

coverage, noting that without such consistency, a large catastrophe claim could not move from one layer to the next without gaps of coverage between the layers.

Unfortunately, St. Jude Medical has experienced just such a catastrophe – its January 2000 recall of products with a Silzone coating has spawned hundreds of millions of dollars in product liability claims. In the eight-plus years since the recall, each of the insurers for the six layers below AIC have exhausted their policy limits in paying defense and settlement (indemnity) costs, for a total of $150 million. Nonetheless, in this action, AIC is seeking a declaration that it has no duty under its policy to indemnify or to pay defense costs in connection with the tens of millions of dollars in remaining Silzone claims. If AIC is right, St. Jude Medical would be left with a $50 million gap in its product liability insurance coverage. And if this gap does in fact exist, St. Jude Medical maintains it is due to Willis's negligence, negligent misrepresentation and breach of fiduciary duty.

Accordingly, Willis has an interest in the outcome of this action and should be made a party to it. Indeed, if Willis is not made a party to this action, there is a substantial risk of inconsistent results – it could be determined in this action that AIC's policy does not provide coverage while it could be determined in the separate action St. Jude Medical would bring against Willis that Willis did nothing wrong because AIC's policy does provide coverage. Accordingly, Willis should be made a party to this action whereupon St. Jude Medical would assert cross-claims against Willis in the form attached to St. Jude Medical's motion (Doc. No. 38).

## II.     BACKGROUND

A.    **The Products Liability Coverage Tower at Issue.**

For the policy period January 31, 1999 to January 31, 2000, St. Jude Medical purchased an eight-layer products liability insurance program with total coverage of $250 million. *See* coverage tower attached as Exhibit 1 to the September 30, 2008 Affidavit of Jonathan M. Bye ("Bye Aff."). Willis, St. Jude Medical's insurance broker at the time, negotiated, procured, and ultimately bound each of the eight layers of products-liability insurance with the individual insurers. According to Willis, it had established on St. Jude Medical's behalf a products-liability program providing consistent, "follow form" coverage beginning with the $10 million primary layer of insurance sold and issued by Medmarc Casualty Insurance Company ("Medmarc") and continuing through the seven layers of excess insurance coverage in St. Jude Medical's coverage tower. These eight layers, including AIC's $50 million layer (layer seven, as shown in the coverage tower), were to provide St. Jude Medical with $250 million in products-liability insurance coverage.

Willis represented to St. Jude Medical the importance of having consistent, "follow form" coverage, emphasizing that without it, a large catastrophe claim could not move from one insurance layer to the next without gaps of coverage between layers. Specifically, Willis represented that each layer of coverage it had obtained provided coverage for defense expenses and for a "batch definition of occurrence," which Willis explained meant that claims arising from a single problem are treated as one occurrence such that the applicable insurance policies are those in effect when the first claim from the batch is brought. Willis further noted that it is very important to "batch" common

3

cause claims because of the difficulty of obtaining coverage under future policies for any such common claims once the first one is known.

**B.     The Underlying Claims.**

The underlying claims ("Silzone Claims") brought against St. Jude Medical arise out of its January 21, 2000 recall notification concerning certain mechanical heart valves and heart valve repair products that incorporated a special coating ("Silzone coating") onto the products' sewing cuff. The Silzone coating had been added to the sewing cuff of St. Jude Medical's conventional heart valve products in an effort to reduce the incidence of endocarditis (i.e., infection) with replacement heart valve surgery.[1]

Within days of the recall notification, claims were made against St. Jude Medical. St. Jude Medical promptly notified Medmarc and the other carriers in the products liability coverage tower at issue, including AIC. Pursuant to Medmarc's Batch Clause endorsement, Medmarc "batched" all claims seeking damages because of alleged bodily injuries arising out of Silzone-coated products as a single occurrence and deemed all those claims to have been made at the time the first such claim was made. All underlying Silzone Claims were therefore deemed by Medmarc, and then in turn by the five layers of insurance above Medmarc, to have been made during the January 31, 1999 to January 31, 2000 coverage period.

---

[1] Endocarditis has long been known to be a complication associated with replacement valve surgery. Though relatively rare, when endocarditis occurs, it historically was very challenging to treat, and often resulted in the death of the patient. For this reason, St. Jude Medical (and other replacement heart valve manufacturers) have sought to take steps to reduce the risk patients and their physicians face with this complication.

4

Doc# 2760315\2

Since the January 2000 recall, Medmarc, and then, in turn, each of the five layers of excess insurers above Medmarc (and below AIC), exhausted their policy limits in paying defense costs and settlement (i.e., indemnity) costs in connection with Silzone Claims (with a total of $150 million in insurance having been paid out to date). Nonetheless, although there are still tens of millions of dollars in claims left to resolve, now that its layer has been reached, AIC is denying coverage.

**C.     This Action.**

In this action, AIC is seeking a declaration that under its policy it has no duty to indemnify with respect to most, if not all, the Silzone Claims and no duty to defend or otherwise pay defense costs for any of them.  More specifically, AIC is alleging, among other things, that the batch definition of occurrence does not operate to make applicable the coverage that was in effect when the first claim from the batch was brought.

If AIC's allegations are correct, St. Jude Medical will have a $50-million gap in its products-liability insurance coverage with respect to the Silzone Claims.  If this $50-million gap does in fact exist, St. Jude Medical maintains that it is due to Willis's negligence, negligent misrepresentation and breach of fiduciary duty.

### III.   ARGUMENT

St. Jude Medical seeks an order pursuant to Federal Rules of Civil Procedure 19, 20, and 21 joining Willis as an additional defendant in this matter whereupon St. Jude Medical will assert cross-claims against Willis in the form attached to St. Jude Medical's Motion (Doc. No. 38).  St. Jude Medical seeks to join Willis to this action as a required party pursuant to Federal Rule of Civil Procedure 19(a)(1)(B).  In the alternative, St. Jude Medical seeks to join Willis to this action pursuant to Federal Rule of Civil Procedure 20

or 21 because St. Jude Medical is asserting a right to relief against Willis arising out of the same transaction or occurrence as the above-captioned insurance coverage litigation, and because a question of law or fact common to St. Jude Medical's claims against AIC and Willis is present.

**A.    Willis Should be Joined in this Action Because it is a Required Party Pursuant to Rule 19(a).**

Federal Rule of Civil Procedure 19(a)(1)(B) provides, in pertinent part:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> ***
>
> (B) that person claims an interest relating to the subject of the actions and is so situated that disposing of the action in the person's absence may:
>
> (i)    as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii)   leave an existing party subject to subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The 1966 Advisory Committee Note to Rule 19 explains the above section as follows:

> Clause 2(i) [now (B)(i)] recognizes the importance of protecting the person whose joinder is in question against the practical prejudice to him which may arise through a disposition of the action in his absence. Clause 2(ii) [now (B)(ii)] recognizes the need for considering whether a party may be left, after the adjudication, in a position where a person not joined can subject him to a double or otherwise inconsistent liability.

Rule 19 serves to insure the presence of essential parties and to avoid multiplicity of suits. *Stark v. Ind. Sch. Dist. No. 640*, 163 F.R.D. 557, 561 (D. Minn. 1995). In

6

addition, Rule 19 places an emphasis on pragmatism and requires a court to make a "highly practical, fact-based decision." *Bremer Bank v. John Hancock Life Ins. Co.*, No. 06-1534, 2007 WL 1057056 (D. Minn. Apr. 9, 2007). Under Rule 19(a)(1)(B), courts can assume that an absent party has an interest where that party's actions are implicated in the action. *See id*. (assuming bank does have an interest where actions taken by the bank to foreclose certain property were referenced in amended pleading). Further, "case law under Rule 19 has recognized that the establishment of a negative precedent can provide the requisite prejudice to the absentee." *Id*. (citing *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)). And even where a negative precedent is not binding on a court, "a future court may look to the result." *Id*.

Several courts from other jurisdictions have found an insurance broker to be a necessary party to a coverage action where the insured is asserting malpractice claims against its broker. *See Cincinnati Ins. Co. v. Hawkins*, No. 07-CV-535, 2007 WL 2310866, at * 2 (W.D. Pa. Aug. 9, 2007) (finding broker was necessary party to declaratory judgment action where insured alleged broker malpractice in failing to procure adequate insurance); *Guthrie Clinic v. Travelers Indem. Co. of Ill.*, 104 Fed. Appx. 218 (3d Cir. 2004) (holding broker is necessary party in declaratory judgment action against insurance company that involves alleged malpractice action against broker). In *Hawkins*, the court noted further that the potential risk of issue preclusion on the subject of insurance coverage against the broker, as a "practical matter," supported joinder under Rule 19. *Hawkins*, No. 07-CV-535, 2007 WL 2310866, at * 2.

Willis is a necessary party under both Rule 19(a)(B)(i) and 19(a)(B)(ii) because the resolution of whether Willis was negligent in its failure to procure the appropriate

7

coverage on behalf of St. Jude Medical depends on the determination of what that coverage is – the precise issue in this case.  Presumably, Willis's defense against St. Jude Medical's claims will mirror St. Jude Medical's defense against AIC – i.e., that AIC's policy does provide defense and indemnity coverage for the Silzone Claims.  Further, if Willis is not made a party to this action, and it is determined in its absence that AIC has no duty to defend or indemnify in connection with the Silzone Claims, that determination would not be binding on Willis.  As a result, Willis would be free to litigate that issue for itself in a separate action, leaving St. Jude Medical subject to a substantial risk of inconsistent results.  Finally, joining Willis as a defendant in this action will allow for the full and final resolution of the issues raised by AIC's denial of its duty to defend or indemnify the Silzone Claims, avoiding multiplicity of suits.[2]

**B.     Alternatively, Willis Should be Joined in this Action Pursuant to Federal Rule of Civil Procedure 20 or 21.**

It would be appropriate to join Willis in this action under Federal Rule of Civil Procedure 20(a) if: (1) St. Jude Medical's claims against Willis arise out of the same transaction or occurrence and (2) a common question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. P. 20(a)(2).  The purpose of Rule 20 is to promote trial convenience and expedite the final determination of disputes thereby preventing multiple lawsuits.  *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974).  The transaction and common question requirements of the rule are flexible concepts to implement its purpose, and should be read as broadly as possible whenever

---

[2] Pursuant to 28 U.S.C § 1367, this Court would then have supplemental jurisdiction over St. Jude Medical's proposed cross-claims against Willis.

doing so is likely to promote judicial economy. 7 Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1653 (2008). Rule 20 permits all reasonably related claims for relief by or against different parties to be tried in a single proceeding, and absolute identity of all events is unnecessary. *Mosley*, 497 F.2d at 1333. A court must also determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. *Stark*, 163 F.R.D. at 563.

In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued. *Mosley*, 497 F.3d at 1333. All "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. *Id*. In determining whether a common question of law or fact exists, a party need not show that all questions of law and fact raised by the dispute be common. *Id*. at 1334.

Here, there is no doubt that the formation of the insurance contract between AIC and St. Jude Medical, and AIC's and Willis's representations in connection with the formation of that contract, are logically related to St. Jude Medical's claims against both AIC and Willis. Similarly, there are common questions of law and fact in St. Jude Medical's claims against AIC and Willis, including representations regarding insurance coverage, the effect of those representations, and ultimately whether AIC's insurance policy provides defense and indemnity coverage for the Silzone Claims. Because St. Jude Medical's claims against Willis meet the two-part test under Rule 20, the Court should join Willis in this action, and allow St. Jude Medical to serve and file the Cross-Claims attached to its Motion.

Alternatively, the Court should also join Willis as a defendant in this action under Rule 21 of the Federal Rules of Civil Procedure. That rule provides that: "On motion or on its own, the court may at any time, on just terms, add or drop a party." For the reasons set forth above, it would be just for the Court to add Willis as a party and it should therefore do so.

## IV.   CONCLUSION

For the reasons set forth above, St. Jude Medical respectfully requests that the Court issue an Order joining Willis as a defendant in this action.

DATED: September 30, 2008.                LINDQUIST & VENNUM P.L.L.P.

By: s/ Jonathan M. Bye
    Jonathan M. Bye (#148830)
    jbye@lindquist.com
    Thomas C. Mielenhausen (#160325)
    tmielenhausen@lindquist.com
    Christopher L. Lynch (# 0284154)
    clynch@lindquist.com
    Meghan M. Elliott (#0318759)
    melliott@lindquist.com
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel:  (612) 371-3211
Fax:  (612) 371-3207

ATTORNEYS FOR ST. JUDE MEDICAL, INC.