UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| American Insurance Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>St. Jude Medical, Inc.,<br><br>　　　　Defendant. | Civil File No.   08-00013-DSD-JJG<br><br>**PLAINTIFF AMERICAN INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO ADD PARTY** |

I.     **INTRODUCTION**

In its Motion Add Party, St. Jude Medical, Inc. ("St. Jude") confuses the concepts of damages and liability.  An attorney who arguably fails to file a wrongful death claim within the statute of limitations is not a necessary party in the underlying action where that legal issue will be decided.  If the court in a wrongful death action determines that the claim was not filed within the applicable statute of limitations the client will be able to establish that she was damaged by the attorney's negligence.  If the client can establish the additional elements of breach of the standard of care and causation she will be able to recover her damages from the attorney.  Similarly, an insurance broker who arguably failed to procure the insurance requested by a client is not a necessary party in the underlying declaratory judgment action.  If the American Insurance Company ("AIC") prevails in this declaratory judgment action, St. Jude will be able to recover its damages if it can establish the additional elements of duty, breach of duty, and causation.  There is no risk of an "inconsistent judgment" because a finding that AIC is not required to defend or indemnify St. Jude is an essential but independent prerequisite of the contingent claim

121224079v1  884618 57

St. Jude seeks to bring against its broker. The attorney in the wrongful death action could not defend the malpractice claim on the grounds that she had, in fact, filed the claim within the applicable statute of limitations. Here, if the Court determines that the AIC coverage does not apply, St. Jude's broker, Willis of Minnesota, Inc. ("Willis") could not defend the failure to procure claim on the grounds that the AIC coverage did, in fact, apply.

Contrary to St. Jude's representations the courts have consistently recognized that an insured's broker is not a necessary party to the declaratory relief action in which coverage will be determined.

The only questions presented in this declaratory judgment action are whether or not AIC is required to fund the defense of the Silzone litigation and whether or not the damages sought in the Silzone litigation are covered by the AIC policy. St. Jude's insurance broker is not a party to the contract nor is it a third-party beneficiary of this insurance contract. Whether or not Willis misrepresented the terms or conditions of the coverage to St. Jude or failed to procure the coverage St. Jude requested will have no effect on the Court's determination in this action.

As evidenced by the draft pleading, St. Jude's claim against Willis is patently premature. Each allegation of St. Jude's proposed cross-claim against Willis is premised with the phrase "If AIC's allegations are correct." However, merely because St. Jude *may* have claims against Willis *if* the Court determines there is no coverage under the AIC policy in this action does not make Willis a "necessary" party to this declaratory judgment action.

Nor is "permissive joinder" appropriate. There are no "common issues of law and fact." If AIC prevails in this declaratory relief action, St. Jude could establish that it sustained damages as a result of its broker's alleged misrepresentations and failure to procure the promised coverage. The finding that coverage does not apply is an essential, but independent determination that must be made before St. Jude has the legal right to pursue its broker for malpractice. The issues of whether or not Willis undertook a duty to procure insurance, breached a duty to procure insurance and whether or not the breach caused damages have no bearing on the outcome of this declaratory judgment action.

The legal and factual issues presented in a negligence claim against Willis are distinct from the issues presented in this declaratory judgment action. Willis has an interest in the outcome of this litigation to the extent that if St. Jude prevails it will not have sustained any damages to recover in an action based on a failure to procure insurance. This, however, is not the test for determining whether the broker should be joined as a party to this action. Willis has no legally protected right that needs to be protected in this lawsuit, nor will St. Jude be subjected to a risk of inconsistent results if Willis is not joined in this lawsuit. Willis is therefore not a required party under Rule 19, Fed. R. Civ. P. Permissive joinder under Rule 20 or 21 also is not warranted because there are no common issues of fact or law. In addition, to allow Willis to be joined in this litigation nine months after it was filed would not "promote judicial economy" as contemplated by Rules 20 and 21. Rather, it would unnecessarily complicate and delay final determination of the coverage issues and require Willis to expend fees and costs

essentially monitoring litigation in which it has no legally protected interest. St. Jude's Motion to Add Party should be denied.

## II. WILLIS IS NOT A "REQUIRED PARTY" PURSUANT TO RULE 19(a).

Pursuant to Rule 19(a)(1)(B), a person or entity is a "required party" only under the following limited circumstances:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> * * *
>
> (B) that person claims an interest relating to the subject of the actions and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Courts consistently have held that an insured's broker/agent is not a necessary party to a declaratory relief action between the insured and its insurer. For example, in <u>Travelers Indem. Co. v. Pauline</u>, 2007 WL 2318104 (M.D. Pa. 2007), the insurer sought a declaratory judgment against its insured that the limits of coverage for uninsured motorist benefits were limited to $30,000. The insured sought to dismiss this action on the grounds that her insurance agent/broker was a necessary party under Rule 19. The federal district court disagreed because, first, "complete relief" could be granted between the already named parties to the declaratory judgment action:

> The sole question presented in the complaint for declaratory judgment is the extent of Traveler's liability for underinsured motorist benefits. The

alleged malfeasance by First Federal as broker of that policy will not change the analysis of that question, contrary to [insured's] assertions. Cf. Inrecon, LLC v. Highlands Ins. Co., 284 F.Supp.2d 773, 781 (E.D. Mich. 2003)(insurance broker uninvolved in the claim between the insurer and insured before the court). Moreover, mere contemplated claims against the absent person by a defendant are not properly considered in determining necessary and indispensable parties to an action. (underscore added).

Travelers, 2007 WL 2318104 at *2 (M.D. Pa. 2007). The court went on to explain that simply because the broker may have a financial interest in the outcome of the declaratory relief action was not a legally protected interest that required the broker's joinder:

> Although [the insured] uses the instant motion to allege wrongdoing by [his agent/broker] the "two real contestants" in this declaratory judgment action are Travelers and [the insured]…There is no indication that [broker's] continued absence will subject any of the current parties to a risk of incurring double, multiple, or otherwise inconsistent obligations under Rule 19(a)(2)(ii). [The insured's] anticipated claims against [its broker] are, again, inapposite to this analysis. Thus, [the broker] is not a necessary party to this action. Its joinder is not required, therefore this court's analysis need go no further.

Id. (underscore added). See also Coregis Ins. Co. v. Wheeler, 180 F.R.D. 280 (E.D. Pa. 1998)(broker who procured professional liability insurance policy for attorney was not a necessary party under Rule 19 in declaratory relief action brought by insurer against insured attorney because complete relief can be achieved in a coverage action without the presence of the insurance broker); McKay v. State Farm Fire & Casualty Co., 731 So.2d 852, 855 (Fla. Ct. App. 1999) (action to determine coverage between insurer and insured did not involve a common transaction or occurrence, but was "a separate controversy with distinct facts" to a negligence action between insured and broker).

Consistent with this legal authority, the federal court in <u>Commercial Casualty Ins. Co. of GA. v. Kinann</u>, 2003 WL 21321373 (N.D. Cal. 2003) also rejected an insured's argument that his broker/agent was an indispensable party to a declaratory relief action brought by the insurer. The insurer sought a determination that it had no obligation to defend liability claims brought against its insured. The insured argued that its insurance broker/agent was an indispensable party to the declaratory relief action. The federal court found that although the broker was interested in the outcome of the declaratory judgment action, <u>he was not necessary or indispensable because he was not party to the insurance contract and therefore had "no rights at issue in this lawsuit."</u> 2003 WL 21321373 at *3 (underscore added). The Court further noted that "defendants' claims against the broker only arise when and if defendants lose this lawsuit; that is, if the Court concludes that … coverage was otherwise properly denied." <u>Id</u>.

In direct contrast to this persuasive legal authority, St. Jude mistakenly relies upon one unpublished opinion – specifically designated as "not precedential" – and another opinion in which the issue of joinder of a broker was not a contested issue. See <u>Ins. Co. v. Hawkins</u>, 2007 WL 2310866, at *2 (W.D. Pa. 2007)(noting that its decision was "informed by the fact" that neither of the existing parties objected to adding the broker as a defendant); <u>Guthrie Clinic Ltd. v. Travelers Indemnity Co. of Il.</u>, 104 Fed. Appx. 218, 2004 WL 1465688 (3rd Cir. 2004). In addition to being "not precedential," <u>Guthrie</u> also involved facts significantly different than those presented by AIC's Complaint for declaratory relief. In <u>Guthrie</u>, the insured filed a complaint against its insurer and its agent/broker. The issue was whether a related entity of the named agent/broker had to be

6

named in the lawsuit in order to avoid potential collateral estoppel effects against the un-named entity if it were determined that this entity was in privity with the named agent/broker.  Under these circumstances, St. Jude's citation to Guthrie and Hawkins is misleading and should be disregarded.

### III.   WILLIS IS NOT AN APPROPRIATE PARTY UNDER RULE 20 OR 21.

In addition to failing to establish that Willis is a "required party" under Rule 19, St. Jude also has failed to provide this Court with any legitimate basis to warrant "permissive" joinder of Willis under Rules 20 or 21.  As outlined above, St. Jude's argument that there is a common issue of fact and law between this declaratory relief action and its potential negligence/breach of fiduciary duty lawsuit against Willis completely misses the mark.  The issues presented in this action must be determined before St. Jude can even determine whether or to what extent it has been damaged by any negligence on the part of its broker.  If this Court determines no coverage exists under the AIC Policy, this finding will not be subject to dispute in St. Jude's lawsuit against Willis.  Rather, the Court's determination of no coverage will be an element of St. Jude's damages.

Joinder of Willis in this lawsuit also would not further the purpose of preventing multiple lawsuits.  As St. Jude itself acknowledges, it only has a negligence claim against Willis *if and when* this Court makes a final determination of no coverage.  The issues of whether coverage exists under the AIC Policy and whether or not Willis failed to procure insurance should not and need not be determined in one proceeding.  St. Jude's claim

against Willis must necessarily await the resolution of AIC's complaint for declaratory relief.

### III.   CONCLUSION.

Nine months into this litigation, St. Jude has yet to provide a single, meaningful response to AIC's discovery.  St. Jude has refused to produce witnesses and now seeks to further delay and complicate resolution of this action by pursuing a premature claim against its broker.  Willis is not a required party to this litigation under Rule 19(a).  Willis is not an appropriate party pursuant under Rules 20 or 21.  St. Jude's Motion to Add Party should be denied.

Dated:  October 7, 2008                         s/  Paulette S. Sarp
                                                Bethany K. Culp. #154890
                                                Michelle D. Mitchell #295978
                                                Paulette S. Sarp #351453
                                                HINSHAW & CULBERTSON LLP
                                                333 South Seventh Street, Suite 2000
                                                Minneapolis, MN 55402-4320
                                                (612) 333-3434
                                                bculp@hinshawlaw.com
                                                mmitchell@hinshawlaw.com
                                                psarp@hinshawlaw.com

                                                **ATTORNEYS FOR PLAINTIFF**