**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| American Insurance Company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>St. Jude Medical, Inc.,<br><br>　　　　　Defendant. | Civil File No.   08-00013-DSD-JJG<br><br>**PLAINTIFF AMERICAN INSURANCE COMPANY'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO ADD PARTY** |

　　　　Pursuant to the Court's request, plaintiff, American Insurance Company ("AIC") submits the following supplemental memorandum in support of its opposition to defendant St. Jude Medical, Inc.'s ("St. Jude") Motion to Add Party.  In addition to the reasons set forth in AIC's original opposition, St. Jude's Motion should be denied on the grounds that St. Jude's potential claims against Willis are not "ripe" for adjudication, and that this Court does not have subject matter jurisdiction over any such claims.

**I.　ST. JUDE'S POTENTIAL CLAIMS AGAINST WILLIS ARE SPECULATIVE AND NOT "RIPE" FOR ADJUDICATION BY THIS COURT.**

　　　　The so-called "ripeness" doctrine is based upon both the jurisdictional limits of Article III of the Constitution and policy considerations of effective court administration. Bender v. Williamsport Area School Dist., 476 U.S. 534, 546, 106 S. Ct. 1326 (1986); Bender v. Educational Credit Management Corp., 368 F.3d 846, 847-848 (8th Cir. 2004)(federal courts are prohibited from issuing advisory opinions and should "avoid resolving disputes based on hypothetical facts because to do so would be a poor use of scarce judicial resources."); Ripley v. Fry, 2008 WL 4527795, *1-2 (D. Minn. 2008).

Article III of the Constitution limits the judicial powers of a federal court to "cases" and "controversies." The ripeness doctrine seeks to "separate matters that are premature for review because the injury is speculative and may never occur, from those cases that are appropriate for federal court action." Wausau Underwriters Ins. Co. v. Continental Cas. Co., 2008 WL 793618, * 2 (E.D. Wash. 2008). The federal court's role is not to issue advisory opinions or declare rights in hypothetical cases, "but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000). Finally, federal courts are presumed to lack jurisdiction "unless the contrary appears affirmatively from the record." Bender, 475 U.S. at 546.

Applying these principles, the federal court in Wausau, supra, recently held that a third-party complaint filed by an insured against its broker/agent in a declaratory judgment action was *not* ripe for adjudication because the existence of such a claim was contingent upon the outcome of the declaratory judgment action. In Wausau, the insured (Colmac), which manufactured cooling units, was sued by one of its customers alleging that one of the units malfunctioned and released ammonia into its warehouse thereby damaging boxes of stored frozen food. The insured submitted a claim to its liability insurer (Wausau). Wausau filed a declaratory judgment action seeking a determination that the "total pollution exclusion" in its policy provided coverage for the claim. The insured answered the complaint and filed a third-party complaint against its insurance broker (Marsh) for negligence, breach of contract and breach of fiduciary duty. The federal court granted Marsh's motion to dismiss the third-party complaint pursuant to

Rule 12(b)(1) on the grounds that the court lacked subject matter jurisdiction over the claims:

> Here, Colmac's [the insured's] claims against Marsh are entirely contingent and hypothetical.  As Marsh correctly points out, Colmac's own pleadings pursue contingent relief:  Colmac's Third-Party Complaint seeks '[a]ll damages caused to Colmac by Marsh's negligence, breach of contract, and breach of fiduciary duty, *in the event Wausau's exclusion is valid*." … Colmac's Memorandum in Opposition states that, 'should the [C]ourt rule in Wausau's favor, Colmac would face real injury.'  (emphasis in original).

2008 WL 793618 at * 3.  Under these circumstances, Colmac's proposed third-party complaint against its broker improperly asked the court to issue an "advisory opinion based on a hypothetical set of facts."  Id.  See also Auto-Owners Ins. Co. v. Mid-America Piping, Inc., 2008 WL 748326, *2 (E.D. Mo. 2008)(plaintiff's claim that defendants issued an unauthorized bond naming plaintiff as surety was not ripe because complaint alleged only "a possible claim" and "possible damages/losses" that might arise *if* a claim were asserted on the bond).

Wausau is consistent with the holdings in the two Eighth Circuit opinions the Court cited to the parties at the recent hearing on St. Jude's Motion to Add Party, Public Water Supply District No. 8 of Clay County, Mo. v. the City of Kearney, 401 F.3d 930 (8th Cir. 2005) and KCCP Trust v. City of N. Kansas City, 432 F.3d 897 (8th Cir. 2005).  In Public Water Supply,  the plaintiff (a water supply district) sought a declaration that the City of Kearney could not legally sell water to the property owners if the property they owned were detached from the district.  Although the record reflected that the City had in fact promised to sell water to the owners if their properties were detached, the properties had not yet been detached and, therefore, the district's damages – water sales

by the City to the property owners – were not "certainly impending."  Public Water Supply, 401 F.3d at 933.  Similarly, the Eighth Circuit in KCCP held that a cable company could not enjoin a municipality from upgrading its infrastructure when such an upgrade would require a referendum which had yet even been scheduled.  KCCP, 432 F.3d at 900.  See also Texas v. United States, 523 U.S. 296, 302, 118 S.Ct. 1257 (1998)(holding that Texas could not seek a declaratory judgment on a potential Voting Rights Act violation that had not yet occurred – "we find it too speculative whether the problem Texas presents will ever need solving;").

A Minnesota federal court recently applied these same principles to hold that a lawsuit filed by the target of a criminal investigation to enjoin several IRS agents from testifying at a grand jury proceeding on the grounds that their testimony would be improperly based upon misrepresentations used to obtain a search warrant. Ripley v. Fry, 2008 WL 4527795 (D. Minn. 2008).  Relying in part upon the holdings in Public Water Supply and KPPC, the court held that Ripley's claims were abstract and not ripe for adjudication.  The court explained:

> …Ripley is asking the Court to prevent harms that have not yet occurred, and may never occur.  In essence, Ripley is concerned that he will be indicted on the basis of flawed evidence.  While it is possible that this will occur it is also possible that it will not, particularly if the evidence is as flawed as Ripley suggests.

2008 WL 4527795 at * 2.

The common thread to all of these cases is that federal courts do not have jurisdiction over a claim unless and until the claimant has already sustained damages as a result of allegedly wrongful conduct or such damages are "certainly impending."  Federal

4

courts are not authorized to consider or evaluate speculative claims for damages that may never occur. St. Jude's proposed claims for damages against Willis for an alleged failure to procure insurance coverage for the Silzone valve claims are exactly that -- speculative and seeking damages that may never occur. It is well-settled that an insured's measure of damages for a failure to procure insurance "is the amount the plaintiff would have been paid had the insurance been effected, or, at least, that the promisor is liable, within the amount of the proposed insurance, for the loss attributable to his failure to obtain insurance." Central National Ins. Co. of Omaha v. Devonshire Coverage Corp., 565 F.2d 490, 497 (8th Cir. 1977); see also Bieloh v. First National Ins. Serv., 2006 WL 2129763, * 2 (Minn. Ct. App. 2006). Unless and until it is determined in this declaratory judgment action that AIC is not obligated to defend or indemnify St. Jude for the Silzone valve claims, St. Jude has no recoverable damages against Willis, and its claims for failure to procure insurance would be subject to dismissal as a matter of law. Bieloh, supra, 2006 WL 2129763 at * 2 (noting that a defendant in a negligence action is entitled to summary judgment if the plaintiff cannot establish the existence of damages). As AIC pointed out in its original Opposition to St. Jude's Motion to Add Party, St. Jude essentially concedes this point by prefacing each allegation in its proposed cross-claim against Willis with the phrase "If AIC's allegations are correct."

**II.   CONCLUSION**

St. Jude's proposed cross-claims against Willis for failure to procure insurance are entirely contingent and based upon a hypothetical set of facts that may never occur. By definition, these claims are not ripe for adjudication and this Court does not have subject

matter jurisdiction over these claims pursuant to Article III of the Constitution. AIC respectfully requests that the Court deny St. Jude's Motion to Add Party.

| | |
|---|---|
| Dated:  October 17, 2008 | s/ Paulette S. Sarp |
| | Bethany K. Culp. #154890 |
| | Michelle D. Mitchell #295978 |
| | Paulette S. Sarp #351453 |
| | HINSHAW & CULBERTSON LLP |
| | 333 South Seventh Street, Suite 2000 |
| | Minneapolis, MN 55402-4320 |
| | (612) 333-3434 |
| | bculp@hinshawlaw.com |
| | mmitchell@hinshawlaw.com |
| | psarp@hinshawlaw.com |
| | |
| | **ATTORNEYS FOR PLAINTIFF** |