UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **AMERICAN INSURANCE COMPANY**, a Nebraska corporation,<br><br>Plaintiff,<br><br>v.<br><br>**ST. JUDE MEDICAL, INC.**, a Minnesota corporation,<br><br>Defendant. | Court File No. 08-013 (DSD/JJG)<br><br>ST. JUDE MEDICAL, INC.'S SUPPLEMENTAL MEMORANDUM REGARDING JURISDICTION |

## INTRODUCTION

At the hearing on Defendant's Motion to Add Party (Doc. No. 38), the Court asked the parties to submit supplemental briefing on whether it had jurisdiction over the proposed claims against Willis of Minnesota, Inc. ("Willis"). Accordingly, St. Jude Medical, Inc. ("St. Jude Medical") submits this memorandum.

Because the proposed claims against Willis are twofold (first, as a defendant in the declaratory judgment action and second, as a cross-claim defendant in the proposed cross-claims by St. Jude Medical) each is addressed separately.

## I. The Court Has Jurisdiction Over Claims Against Willis As An Additional Defendant In The Declaratory Judgment Action.

In its Complaint in this matter, Plaintiff American Insurance Company ("AIC") seeks a declaration that its policy does not: (1) obligate it to defend or pay defense costs, and (2) does not "batch" claims (i.e., does not cover any claims unless they are made during the policy period and unless the injury occurred before the end of the policy period). St. Jude Medical contends, among other things, that its broker, Willis, represented to it that AIC's policy did provide such coverage and that if the policy does not, as previously briefed, Willis is liable to St. Jude Medical. As a result, Willis has an "interest" in this action within the meaning of Fed. R. Civ. P. 19(a)(1)(B).

Indeed, AIC argues that if the Court determines that no coverage exists under AIC's policy, Willis will be bound by that determination even if it is not a party to this action. (Doc. No. 58 at 7.) But even if a decision of no coverage in this action would not be binding on Willis if it were not a party, "[t]he case law under Rule 19 has recognized that the establishment of a negative precedent can provide the requisite prejudice to the absentee," because, "a future court may look to the result in this case even if not bound by it in a subsequent suit by St. Jude Medical against Willis. *Bremer Bank, NA v. John Hancock Life Ins., Co.*, 2007 WL 1057056, *6 (D. Minn. 2007) (quotation omitted). Thus, Willis has an interest in this action within the meaning of Rule 19(a)(1)(B).

Implicit in being a party with an interest in the action within the meaning of Rule 19(a)(1)(B), is that the court has jurisdiction over Willis in this action, assuming Willis's presence does not destroy diversity (which it does not – AIC is a Nebraska corporation – while Willis is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota).

In addition, if AIC is incorrect in its assertion that Willis is bound by any determination of coverage in this action (and it does not cite any legal authority for this proposition and St. Jude Medical is not aware of authority in this regard), there is a risk of opposite interpretations of the insurance policy by this court and a Minnesota state court hearing a claim by St. Jude Medical against Willis.

Where there is a risk of opposite interpretations of one insurance policy by different courts, an "actual controversy" exists between parties subject to that risk under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 61 S. Ct. 510 (1941); *Am. States Ins. Co. v. Mexico Feed and Seed Co., Inc.*, 739 F. Supp. 482, 484 (E.D. Mo. 1990) (citing to *Maryland Cas. Co.*, *supra*, for proposition that risk of opposite interpretations of insurance policy by the federal and state courts creates an actual controversy under Declaratory Judgment Act); *see also Allendale Mut. Ins. Co. v. Kaiser Eng., Div. of Henry K. Kaiser Co.*, 804 F.2d 592, 594 (10th Cir. 1986) (holding contingent nature of the right or obligation in controversy will not bar a litigant from seeking declaratory relief where the circumstances reveal a need for present adjudication, and citing to *Maryland Cas. Co.*, *supra*, by way of example). Thus, there exists an

"actual controversy" relating to the interpretation of AIC's insurance policy, and Willis is an appropriate party to AIC's declaratory judgment action.

Finally, although the issue of jurisdiction was not specifically addressed, in *Employers Mut. Cas. Co. v. Wendland & Utz, Ltd.*, 351 F.3d 890 (8th Cir. 2003), the Eighth Circuit exercised jurisdiction over a broker and an insured in a declaratory judgment action brought by an insurer seeking a declaration that its policy did not provide coverage for its insured.  Even further, the Eighth Circuit heard and ruled on the insured's counterclaim that the insurer was vicariously liable for the insured's broker's negligence.  *Id.* at 896.  Accordingly, given the above, Willis is an appropriate party to AIC's declaratory judgment action and St. Jude Medical's Motion to Add Party should be granted.[1]

## II.   The Court Would Have Jurisdiction Over St. Jude Medical's Proposed Claims Against Willis Under Rule 20.

If the Court determines Willis is not a necessary party pursuant to Rule 19, this Court can pursuant to Rule 20 join Willis in this action, and allow St. Jude Medical to assert its cross-claims against Willis.  As noted in St. Jude Medical's initial briefing, the purpose of Rule 20 is to promote trial convenience and

---

[1]   The Court need not determine at this time whether St. Jude Medical's cross-claim would survive a motion to dismiss, though the authority cited herein in Section II, and in St. Jude Medical's initial briefing, supports such a cross-claim.

expedite the final determination of disputes thereby preventing multiple lawsuits.[2] *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). Rule 20 permits all reasonably related claims for relief by or against different parties to be tried in a single proceeding, and absolute identity of all events is unnecessary. *Mosley*, 497 F.2d at 1333. Perhaps more importantly, Rule 20 specifically allows for joinder of parties in the alternative where a party is entitled to relief from someone but does not know which of two or more parties is liable under the circumstances set forth in the complaint.[3] *See* Fed. R. Civ. P. 20(a); 7 Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1654 (2008) ("Wright & Miller") (noting same); *see also Block Indus. v. DHJ Industries, Inc.*, 495 F.2d 256, 258 (8th Cir. 1974) (citing to Wright & Miller for same proposition). Here, it is St. Jude Medical's position that if AIC's allegations are correct, St. Jude Medical will have a $50-million gap in its products-liability insurance coverage with respect to the Silzone Claims.

If this $50-million gap does in fact exist, St. Jude Medical maintains that Willis would be responsible (perhaps Willis itself was deceived by AIC).

---

[2] In the event the Court is concerned about delay and inconvenience in connection with adding Willis to this litigation, St. Jude Medical requests the Court to add Willis pursuant to Rule 20 and stay the litigation of St. Jude Medical's claims against Willis.

[3] Unlike the situation in *KCCP Trust v. North Kansas City*, 432 F.3d 897 (8th Cir. 2005, where the court was asked to decide a case based on a hypothetical set of facts that had not yet occurred, the legal determination relating to insurance coverage, which is central to both St. Jude Medical's claim against AIC and its claims against Willis, is based on facts upon that have already occurred.

Accordingly, under Rule 20, this Court may join Willis to this action as a party against whom alternative relief is sought.

Finally, under 28 U.S.C. 1367(b), this Court has supplemental jurisdiction over St. Jude Medical's claims against a non-diverse party (as noted above, Willis is a Minnesota corporation) because St. Jude Medical is the defendant in this action. Only plaintiffs are prevented from asserting claims against non-diverse parties under 1367(b). *See e.g., Travelers Ins. Co. v. Intraco, Inc.*, 163 F.R.D. 554, 557 fn. 2 (S.D. Iowa 1995) (finding 28 U.S.C. § 1367(b)'s prohibition against the joinder of non-diverse parties by plaintiffs inapposite to defendant insured's joinder of non-diverse broker in declaratory judgment action regarding insurance coverage brought by insurer). Accordingly, and as noted in St. Jude Medical's initial briefing, because St. Jude Medical's claims against Willis meet the two-part test under Rule 20, the Court should join Willis in this action.

## CONCLUSION

As a party with, "an interest relating to the subject of the action and [who] is so situated that disposing of the action in [its] absence may … as a practical matter impair or impede [its] ability to protect that interest," Willis is not only an appropriate party to this declaratory judgment action, it is a necessary party under Fed. R. Civ. P. 19(a)(1)(B)(i), and the Court should therefore order it be added as a defendant in this declaratory judgment action. Moreover, there exists an "actual controversy" relating to the interpretation of AIC's insurance policy, and therefore Willis is an appropriate party to AIC's declaratory judgment action.

6

Finally, under Fed. R. Civ. P. 20, St. Jude Medical may join Willis as a party against whom St. Jude Medical seeks relief in the alternative.

**LINDQUIST & VENNUM P.L.L.P.**

Dated:  October 17, 2008.

By  s/ Meghan M. Elliott
Jonathan M. Bye (#148830)
jbye@lindquist.com
Thomas C. Mielenhausen (#160325)
tmielenhausen@lindquist.com
Christopher L. Lynch (#0284154)
clynch@lindquist.com
Meghan M. Elliott (#0318759)
melliott@lindquist.com
4200 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone:  (612) 371-3211
Facsimile:  (612) 371-3207

**ATTORNEYS FOR DEFENDANT
ST. JUDE MEDICAL, INC.**