UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

American Insurance Co.,

    Plaintiff,

v.

St. Jude Medical, Inc.,

    Defendant.

Civil No. 08-cv-13 (DSD/JJG)

**ORDER**

    This matter is before the court on Defendant St. Jude Medical, Inc.'s ("SJM") motion to add a party (Doc. No. 38).  SJM seeks to join its insurance broker, Willis of Minnesota, Inc. ("Willis"), as a co-defendant in this declaratory judgment action regarding the scope of SJM's products liability insurance policy with Plaintiff American Insurance Co. ("AIC").  SJM also seeks to assert tort cross-claims against Willis.  As fully described below, the Court denies SJM's motion, because Willis is not a required party under Fed. R. Civ. P. 19, and SJM's contingent cross-claims against Willis are not ripe and are, therefore, futile.

**I.    BACKGROUND**

    AIC brought this action for a declaration of no coverage on a products liability insurance policy it issued to SJM.  The claims underlying the coverage dispute arise from SJM's heart valves coated with Silzone.  SJM discovered that the Silzone valves had an unacceptable rate of paravalvular leakage.  Consequently, in January 2000, SJM recalled its un-

implanted Silzone products and discontinued the Silzone technology. Subsequently, SJM faced numerous lawsuits by people implanted with the Silzone heart valves.[1]

### A.     The Coverage Dispute and This Lawsuit

SJM purchased multiple layers of products liability insurance coverage for the period January 31, 1999, to January 31, 2000. The primary layer, for $10 million, was issued by Medmarc Casualty Insurance Company. The seventh layer, for $50 million, was issued by AIC. Due to the Silzone cases, SJM will soon exhaust layer six of its coverage.

Consequently, on January 2, 2008, AIC commenced this action seeking a declaration that the policy does not require it to pay SJM's Silzone defense costs or indemnify certain Silzone claims. SJM counterclaimed, seeking corresponding declarations that the policy obligates AIC to cover such items, and alleging breach of contract.

The Court issued a Pre-Trial Scheduling Order on April 24, 2008. *See* Doc. No. 19. The Order set a July 21, 2008, deadline to amend the pleadings or add parties. On that date, SJM filed its motion to extend the deadline to add parties. The Court granted that motion on September 16, 2008, allowing SJM to file the instant motion.

### B.     Willis

Willis was SJM's insurance broker. It procured SJM's products liability insurance program, including the disputed AIC policy. SJM maintains that, if the AIC policy does not provide the coverage at issue in this lawsuit, Willis is responsible due to its negligence, negligent misrepresentation, and breach of fiduciary duty. SJM has appended to the instant

---

[1] Approximately thirty federal cases arising out of the Silzone heart valves are consolidated in a multi-district litigation proceeding in this District styled *In re St. Jude Medical, Inc. Silzone Heart Valves Product Liability Litigation*, 01-md-1396 (JRT/FLN). Similar cases against SJM are filed in various state courts, as well as in Canada.

motion its proposed amended Answer, including its cross-claims against Willis. *See* Doc. No. 39.

SJM's proposed cross-claims against Willis are expressly contingent on the outcome of the declaratory judgment action between AIC and SJM. *Id.* at *e.g.*, ¶¶ 90, 91, 93, 94, 97, 101, 102.

## II.   ANALYSIS

SJM first seeks to join Willis to this declaratory judgment action as a co-defendant under Fed. R. Civ. P. 19. Alternatively, SJM requests that Willis be joined in this action under Fed. R. Civ. P. 20, so that it may assert tort claims against Willis, even if Willis is not a required co-defendant in the declaratory judgment action under Rule 19.

AIC objects to Willis' inclusion in the suit, arguing generally that it will delay the litigation, which has progressed for ten months, and specifically that SJM does not satisfy Rules 19 and 20. It points out that Willis is not a party to the insurance policy at issue, and that SJM's claims against Willis are contingent on the outcome of the declaratory judgment action, and, consequently, may never arise.

At the October 14, 2008, hearing on this motion, the Court asked the parties whether SJM's proposed claims against Willis were ripe, given that they only arise if AIC is not liable on the insurance policy. The Court expressed concern that it could not allow the amendment of SJM's Answer to add claims against Willis if such amendment would be futile due to lack of subject matter jurisdiction. The Court requested that the parties submit supplemental briefing on the issue, which has now been done. The Court addresses the ripeness issue below.

### A. Willis as Co-Defendant in Declaratory Judgment Action: Rule 19

SJM asserts that Willis is a required party to this declaratory judgment action under Fed. R. Civ. P. 19. In relevant part, that rule provides:

> **Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B).

The Rule 19 determination "must be made on a case-by-case basis and is dependent on the facts and circumstances of each case." *Helzberg's Diamond Shops, Inc. v. Valley West Des Moines Shopping Center, Inc.*, 564 F.2d 816, 819 (8th Cir. 1977) (citations omitted).

SJM does not claim that, without Willis, the Court cannot afford complete relief among existing parties. *See* Fed. R. Civ. P. 19(a)(1)(A). Rather, it asserts that Rule 19(a)(1)(B)(i) and (ii) apply, because Willis' ability to protect its interest would be impaired if it is not joined, and because SJM may, itself, be harmed if Willis is not joined.

As a threshold matter, Rule 19(a)(1)(B) states that the absentee must "claim … an interest relating to the subject of the action…." Several circuit courts of appeal have held that this language demands that the absentee claim an interest in the action, not just the movant on the absentee's behalf, as is the case here. *In re County of Orange*, 262 F.3d 1014, 1023 (9th Cir. 2001); *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 484-485 (7th Cir. 2001); *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 48 (2d Cir. 1996).

4

Willis has been silent on this motion. The record does not reflect its position on joining this lawsuit, or whether it was ever notified of the motion. Thus, under a technical reading of Rule 19, the analysis could stop here, given that Willis has claimed no interest in this suit. The Eighth Circuit Court of Appeals, however, has not directly addressed the question of whether and how the absentee must make a claim under Rule 19. The Court, therefore, does not resolve this question in the context of this motion given its determination, discussed below, that SJM does not meet Rule 19's other requirements.

### 1.    Assessment of Harm to Willis:  Negative Precedent

SJM contends that Willis' interests will be harmed if it is not joined in this action. SJM asserts that the central issue in this lawsuit, whether the AIC policy covers Silzone claims and defense costs, is also a key issue in its potential negligence suit against Willis. SJM does not argue that the outcome of this lawsuit will bind Willis in a separate proceeding regarding its alleged negligence. Rather, SJM asserts that the outcome of this suit could, as a practical matter, impact another court's assessment of AIC's liability on the policy, a threshold issue in its potential case against Willis.

SJM relies on two cases in which courts cited the possibility of negative precedent as a factor under Rule 19(a)(1)(B)(i), and joined the potentially affected absentee. *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986); *Bremer Bank, Natl'l Ass'n v. John Hancock Life Ins. Co*, No. 06-cv-1534 (ADM/JSM), 2007 WL 1057056 (D. Minn. Apr. 9, 2007) (citing *Pulitzer*). The Eighth Circuit Court of Appeals, however, has declined to require Rule 19 joinder where an existing party to a lawsuit already sufficiently represents the absentee's interest. *Gwartz v. Jefferson Memorial Hosp. Ass'n*, 23 F.3d 1426, 1429 (8th Cir. 1994) (citing *Rochester Methodist Hospital v. Travelers Ins. Co.*, 728 F.2d 1006, 1016 (8th Cir. 1984)). *See*

5

*also Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 407 (3d Cir. 1993) (rejecting negative precedent argument, and remarking that its adoption would "greatly expand the class" of Rule 19 required parties).

Here, Willis' interest in this declaratory judgment action is identical to that of SJM. Both want a finding of liability on the AIC policy; SJM so that it has coverage, Willis so that it does not face SJM's negligence suit predicated on a finding of no coverage. SJM acknowledged that Willis' defense in any such negligence suit would likely "mirror" its own in this case - that the policy provides coverage for the claims and expenses at issue. *SJM memo. in support of motion to add party* at 8. The Court, therefore, does not consider Willis a required party under Rule 19(a)(1)(B)(i). Employing the practical assessment Rule 19 demands leads to the conclusion that SJM will adequately advance the identical argument Willis would make, that coverage on the policy exists. Consequently, Willis' presence is not required.

The insurance cases from other jurisdictions SJM cites do not compel otherwise. Neither *Cincinnati Ins. Co. v. Hawkins*, No. 07-535, 2007 WL 2310866 (W.D. Pa. Aug. 9, 2007), nor *Guthrie Clinic, Ltd. v. Travelers Indemnity Co.*, 104 F. Appx. 218 (3d Cir. 2004), is on point. In *Hawkins,* an insurance broker was joined under Rule 19 on the theory that the broker could be collaterally estopped in a subsequent action against him on the issue of coverage under the policy. 2007 WL 2310866 at *2. Notably, unlike here, no party objected to the broker's joinder in *Hawkins*. Further, SJM makes no collateral estoppel argument, and the Court finds little likelihood that the doctrine would be applied against Willis. Further, while *Guthrie*, a non-precedential case, dealt with adding an insurance broker to a coverage dispute, it involved an insured's action against its insurer and certain entities involved in brokering the policy. The Complaint included specific allegations against the brokers. The central issue

6

there was whether the insured had added the proper brokerage entity to the suit, not whether the broker was a required party in the first instance. 104 F. Appx. at *3.

### 2. Assessment of Harm to SJM: Inconsistent Results

SJM argues that it, too, may be potentially harmed if Willis is not joined as a co-defendant. The crux of its argument is that, if it loses the instant suit with a determination that AIC is not liable on the policy, it could face "inconsistent results." *SJM memo. of law in support of motion to add party* at 8. Specifically, following a no coverage determination here, SJM could bring suit against Willis, and the court in that suit could interpret the policy to provide coverage for the disputed items. In the event these stars aligned (or misaligned depending on one's perspective), perhaps neither Willis nor AIC would be responsible for the insurance coverage at issue, leaving SJM holding the bag.

But the potential "inconsistent results" SJM fears are not the "inconsistent obligations" Rule 19 contemplates. The two potential rulings SJM cites would not directly obligate SJM. Rather, the instant declaratory judgment action implicates what AIC must do—pay or not pay on the policy. SJM's possible negligence suit against Willis could obligate Willis to pay SJM for damages it sustained as result of Willis' alleged negligence. While the two lawsuits have implications for SJM, that is not enough under Rule 19. *E.g., Schulman v. J.P. Morgan Inv. Mgmt., Inc.*, 35 F.3d 799, 806 (3d Cir. 1994); *Bedel v. Thompson*, 103 F.R.D. 78, 81 (S.D. Ohio 1984). *See also* 4 MOORE'S FEDERAL PRACTICE (3d ed.) § 19.03[4][d], at 19-60 ("It is important to note that the 'multiple liability' clause [of Rule 19] compels joinder of an absentee to avoid inconsistent *obligations*, and not to avoid inconsistent adjudications. It is not triggered by the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic.") (emphasis in original) (collecting cases).

In *Helzberg's*, the Eighth Circuit Court of Appeals rejected a similar inconsistent results argument. 564 F.2d at 819-820. There, Helzberg's leased retail space from Valley West, a shopping center. Helzberg's sued Valley West when Valley West leased space to another jewelry store, Lord's. Helzberg's claimed that Valley West violated a provision in their contract limiting the number of jewelry stores in the shopping complex. Valley West sought to join Lord's under Rule 19, arguing that Valley West could be subject to inconsistent judgments if Lord's filed suit against it in another court to enforce its lease. *Id.* at 819. The Court rejected this argument as "speculative at best," because Lord's had not filed such a suit. *Id.* It further reasoned that "there is no showing that another court is likely to interpret the language of the two Lease Agreements differently from the way in which the District Court would." *Id. See also Layne-Minnesota p.r., Inc. v. Singer Co.*, 574 F.2d 429, 434 (8th Cir. 1978) (also rejecting inconsistent results argument).

Similarly, here, SJM's argument that it could be subject to inconsistent results is merely speculative at this point. As in *Helzberg's*, no suit in another forum has been filed.

### 3.   Willis As A Non-Party to the Contract

As an overarching matter, a non-party to a commercial contract is generally not a required party under Rule 19. *Helzberg's,* 564 F.2d at 820 ("[I]t is generally recognized that a person does not become indispensible to an action to determine rights under a contract simply because that person's rights or obligations under an entirely separate contract will be affected by the result of the action.") (citations omitted). *See, e.g., Northrup Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1044 (9th Cir. 1983) ("A nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract.") (citing *Helzberg's* and 7 C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1613, at

135 (1972)) (other citation omitted).  Willis is not a party to the insurance policy between AIC and SJM.  As a non-party, it is not required for the declaration of rights under the policy requested in this lawsuit.  As discussed above, SJM's arguments that the general rule does not apply here are unavailing.  The Court, therefore, denies SJM's motion to add Willis as a defendant in this action under Rule 19.[2]

### B.   SJM's Proposed Cross-Claim against Willis:  Rule 20

Even if Rule 19 does not require joining Willis to this action, SJM argues that Fed. R. Civ. P. 20, governing permissive joinder, allows the Court to join Willis so that SJM may assert its proposed negligence and other cross-claims against it.

Rule 20(a)(2) provides:

Persons … may be joined in one action as defendants if:

  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
  (B)  any question of law or fact common to all defendants will arise in the action.

Because SJM must amend its Answer and Counterclaims to assert its proposed cross-claims against Willis, Fed. R. Civ. P. 15(a)(2) is also implicated.  While leave to amend is freely given under Rule 15, a party will not be allowed to amend its pleading where such action is futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also e.g., Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 795 (D.C. Cir. 1983) (affirming trial court's denial of joinder motion where proposed claims futile).

---

[2] The Court notes its concern that, even if Rule 19's requirements were met, no "actual controversy" exists between AIC and Willis upon which to predicate subject matter jurisdiction between those parties under the Declaratory Judgment Act. *See* 28 U.S.C. § 2201.  Regardless, since Rule 19 is not satisfied, the Court's decision need not turn on the possible futility of the claim.

9

SJM's proposed cross-claims against Willis are entirely and expressly contingent on the outcome of this declaratory judgment action. As SJM described them in its proposed amended pleading, the claims only arise "[i]f AIC's allegations are correct," in other words, if the Court in this action finds no coverage on the policy. Thus, SJM's proposed claims against Willis have not yet arisen, and, depending on the outcome of this action, may never arise.

The doctrine of ripeness is "grounded in both the jurisdictional limits of Article III of the Constitution and policy considerations of effective court administration." *Public. Water Supply Dist. No. 8 v. City of Kearney*, 401 F.3d 930, 932 (8th Cir. 2005). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *KCCP Trust v. City of North Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005) (quoting *Texas v. U.S.*, 523 U.S. 296, 300 (1998)). SJM's proposed claims against Willis rest upon precisely such contingent future events.

SJM argues that the Court need only focus on Rule 20 governing permissive joinder when analyzing the ripeness of its proposed cross-claims. It urges that Rule 20 allows alternative claims, and the Court need not look beyond it. It also states that the Court can allow the proposed claim, and the parties can address the ripeness of the claims in the context of a motion to dismiss, if necessary.

The Court disagrees with SJM. Rule 20 is procedural. Even if SJM satisfies it, which is far from clear, the cross-claims SJM proposes must still satisfy subject matter jurisdiction requirements, including ripeness. Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts…."); 4 MOORE'S FEDERAL PRACTICE (3d ed.) § 20.02[5], at 20-21 ("Permissive party joinder addresses only the *procedural propriety* of joining multiple plaintiffs or defendants. The Rules cannot affect the jurisdiction or venue of the federal

10

courts.") (emphasis in original). Nor must the Court allow SJM to amend its pleading to assert the cross-claims if they are futile for lack of subject matter jurisdiction under Rule 15.[3]

The Court finds that the proposed claims are expressly contingent on the outcome of this lawsuit, and are, therefore, not yet ripe for adjudication. *Public Water Supply*, 401 F.3d at 933 (dispute not ripe where dependent on outcome of another legal proceeding; adjudication would have been advisory and "waste of resources"). *See also Wausau Underwriters Ins. Co. v. Continental Casualty Co.*, No. cv-07-0056-EFS, 2008 WL 793618, *3 (E.D. Wa. Mar. 24, 2008) (dismissing insured's counterclaim against broker where it was contingent on interpretation of insured's policy). Indeed, its cross-claims may never come to fruition. As a practical matter, the Court is loathe to allow the parties to spend significant additional time and resources litigating over Willis' alleged negligence, when that issue may never ripen into an actual controversy. While it may be convenient or strategically advantageous for SJM to include Willis in this suit, such considerations cannot supersede Article III. SJM can pursue Willis, if necessary, at the time its claim actually arises. Consequently, the Court denies SJM leave to amend its pleading to assert a claim over which the Court cannot exercise subject matter jurisdiction.[4]

---

[3] SJM, itself, relied upon the ripeness doctrine in its Answer to this lawsuit, in which it asserted that AIC's declaratory judgment action did not present a justiciable controversy with respect to the claims of the consumer protection class in the *In re Silzone* MDL. SJM alleged that those claims were not yet ripe, because no settlements or judgments had occurred with respect those claimants. *Answer* at ¶ 3.

[4] Given that it decides this motion based on ripeness, the Court does not address SJM's contention that supplemental jurisdiction over its proposed cross-claims against Willis would be appropriate under 28 U.S.C. § 1367.

**III.    ORDER**

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT**:  St. Jude Medical, Inc.'s motion to add party (Doc. No. 38) is **DENIED**.


Dated:  November 4, 2008                         s/ *Jeanne J. Graham*
                                                 JEANNE J. GRAHAM
                                                 United States Magistrate Judge