UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 08-13(DSD/JJG)

American Insurance Company,

        Plaintiff,

v.                                                    **ORDER**

St. Jude Medical, Inc.,

        Defendant.


    Bethany K. Culp, Esq., Michelle D. Mitchell, Esq., Paulette S. Sarp, Esq., and Hinshaw & Culbertson, 333 South Seventh Street, Minneapolis, MN 55402, counsel for plaintiff.

    Jonathan M. Bye, Esq., Thomas C. Mielenhausen, Esq., Christopher L. Lynch, Esq., Meghan M. Elliott, Esq. and Lindquist & Vennum, 4200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for defendant.


    This matter is before the court on defendant St. Jude Medical, Inc.'s ("St. Jude") appeal of Magistrate Judge Jeanne J. Graham's November 4, 2008, order denying St. Jude's motion to add a party. Based on a review of the record herein, the court grants St. Jude's appeal.


**BACKGROUND**

    Plaintiff American Insurance Company ("AIC") brought this action on January 2, 2008, seeking a declaration that an insurance policy ("Policy") procured by St. Jude does not require AIC to

defend or indemnify St. Jude in certain disputes arising out of allegedly defective heart valves ("Products Litigation").[1]  The Policy was the seventh of eight layers of insurance and provided for $50 million in coverage.  The Products Litigation exhausted the first six layers of coverage and AIC denied coverage on the seventh layer.  (Def. Appeal [Doc. No. 79] at 3.)

St. Jude counterclaimed against AIC on February 20, 2008, asserting breach of contract and seeking a declaration that the Policy requires AIC to defend the Products Litigation and indemnify associated costs and damages.  On September 22, 2008, St. Jude moved pursuant to Federal Rules of Civil Procedure 19, 20 and 21 to add its former insurance broker, Willis of Minnesota, Inc. ("Willis"),[2] as a party, and to assert claims against Willis for negligence, negligent misrepresentation and breach of fiduciary duty related to the Policy's procurement.  The magistrate judge denied St. Jude's motion on November 4, 2008, and St. Jude timely appealed.

---

[1] This action is based on diversity jurisdiction.  See 28 U.S.C. § 1332.  AIC is a Nebraska corporation with its principal place of business in California.  St. Jude is a Minnesota corporation with its principal place of business in Minnesota.

[2] Willis, formerly known as Willis Corroon Corporation of Minnesota, is a Minnesota corporation with its principal place of business in Minnesota.

**DISCUSSION**

A district court ordinarily reviews a magistrate judge's order with respect to a nondispositive motion under an "extremely deferential" clearly erroneous or contrary to law standard. <u>Reko v. Creative Promotions, Inc.</u> 70 F. Supp. 1005, 1007 (D. Minn. 1999); <u>see</u> 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).  A motion denied as futile, however, is reviewed de novo.  <u>Cf.</u> <u>United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa</u>, 269 F.3d 932, 936 (8th Cir. 2001) (district court's denial of leave to amend based on futility reviewed de novo on appeal).

**I.   Required Joinder**

St. Jude argues that the magistrate judge erred by not joining Willis as a required party pursuant to Federal Rule of Civil Procedure 19(a)(1).  Joinder of any person subject to service of process whose presence will not destroy a court's subject matter jurisdiction is required if:

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (I) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

3

As an initial matter, the plain language of Rule 19(a)(1)(B) requires that a person not only have an interest related to the subject of the action, but that person must affirmatively "claim[] an interest." See, e.g., United States v. Bowen, 172 F.3d 682, 689 (9th Cir. 1999); Peregrine Myanmar Ltd. v. Segal, 89 F.3d 41, 49 (2d Cir. 1996).  Willis has claimed no interest in the pending litigation and is thus not a required party.  Even if Willis claimed an interest, however, St. Jude's motion under Rule 19 would fail.

St. Jude first argues that Willis has an interest in avoiding a determination that the Policy does not cover the Products Litigation.  An absent person has an interest in avoiding negative precedent. Bremer Bank, N.A. v. John Hancock Life Ins. Co., Civ. No. 06-1534, 2007 U.S. Dist. LEXIS 26007, at *17 (D. Minn. April 9, 2007) (citing Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1310 (5th Cir. 1986)).  If an existing party adequately represents the absent person's position, however, this interest is given little weight. See Gwartz v. Jefferson Mem'l Hosp. Ass'n, 23 F.3d 1426, 1429-30 (8th Cir. 1994).  Here, Willis may have a stronger incentive to establish the Policy's coverage of the Products Litigation in order to avoid potential tort liability. As St. Jude has acknowledged, however, "Willis's defense against St. Jude's claims will [presumably] mirror St. Jude's defense against AIC." (Def. Mem. Supp. [Doc. No. 45] at 8.)  Therefore, although the

4

interests of St. Jude and Willis may eventually diverge, they presently share a strong interest in obtaining a declaration that the Policy covers the Products Litigation. Accordingly, the court determines that Willis's interest in avoiding negative precedent will not be impaired or impeded by its absence.

St. Jude also maintains that if Willis is not joined, St. Jude may be subject to inconsistent obligations because this court could determine that the Policy does not cover the Products Litigation and a court in a separate action brought by St. Jude against Willis could reach the opposite conclusion. These inconsistent results would leave St. Jude with a $50 million gap in insurance coverage. Inconsistent obligations, however, are distinct from inconsistent adjudications or results. Obligations are inconsistent if "a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum." Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998). Rule 19(a)(1)(B)(ii) is not concerned with inconsistent adjudications. See Sykes v. Hengel, 220 F.R.D. 593, 597 (S.D. Iowa 2004); see also RPR & Assocs. v. O'Brien/Atkins Assocs., 921 F. Supp. 1457, 1464 (M.D.N.C. 1995) ("Rule 19 is not triggered by the possibility of a subsequent adjudication that may result in a judgment that is

5

inconsistent as a matter of logic."). Therefore, Willis is not a required party under Rule 19, and the magistrate judge's order with respect to this issue was not clearly erroneous or contrary to law.

**II. Permissive Joinder**

    **A.  Futility of Amendment**

Rather than assess whether permissive joinder was warranted under Rule 20, the magistrate judge noted that joinder of Willis would require amending the pleadings pursuant to Rule 15(a)(2). (Mag. Order at 9.) The magistrate judge then denied St. Jude's motion as futile because the claims against Willis are not ripe for adjudication until it is determined that the Policy does not cover the Products Litigation. (Id. at 10-11.) St. Jude argues that this was error.

Leave to amend a pleading is freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial of a motion to amend is appropriate if amendment would be futile. Becker v. Univ. of Neb., 191 F.3d 904, 907-08 (8th Cir. 1999) (citations and quotations omitted). Amendment is futile if the proposed amended complaint does not establish a court's subject matter jurisdiction over the action. See Longie v. Spirit Lake Tribe, 400 F.3d 586, 588 n.3 (8th Cir. 2005); Schepers v. County of Hennepin, 70 Fed. Appx. 911, 912 (8th Cir. 2003). A court lacks subject matter

jurisdiction over an action if the action is not ripe for resolution. See Dakota, Minn. & R.R. Corp. v. South Dakota, 362 F.3d 512, 520 (8th Cir. 2004) (citation omitted).

The ripeness doctrine derives from Article III's "cases" and "controversies" requirement and "prudential considerations for refusing to exercise jurisdiction." Paraquad, Inc. v. St. Louis Hous. Auth., 259 F.3d 956, 958 (8th Cir. 2001) (quotation omitted). The doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967). In assessing ripeness, a court evaluates "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Id. at 149; Neb. Pub. Power Dist. v. MidAm. Energy Co., 234 F.3d 1032, 1038 (8th Cir. 2000) (citing Abbott Labs., 387 U.S. at 149). "The touchstone of a ripeness inquiry is whether the harm asserted has 'matured enough to warrant judicial intervention.'" Vogel v. Foth & Van Dyke Assocs., 266 F.3d 838, 840 (8th Cir. 2001) (quoting Paraquad, 259 F.3d at 958).

In this case, St. Jude's proposed claims against Willis are mutually exclusive to its counterclaims against AIC.[3] In other

---

[3] Such alternative pleading is expressly sanctioned by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 20(a)(2) (contemplating assertion of alternative rights to relief against different parties); see also 7 Charles Alan Wright, Arthur R.
(continued...)

7

words, a determination that the Policy covers the Products Litigation would be a complete defense to St. Jude's proposed claims and Willis would not be liable for damages. The possibility that St. Jude will not obtain damages from Willis, however, is irrelevant to the ripeness inquiry. Rather, the issue is whether St. Jude has suffered harm as a result of Willis's alleged wrongful conduct. AIC's refusal to defend and indemnify the Products Litigation provides the requisite harm. Therefore, the court determines that St. Jude's proposed claims against Willis are ripe for judicial resolution, and amendment to assert claims against Willis would not be futile.

### B. Counterclaim Joinder

Rule 20 permits persons to be joined as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A); see also Fed. R. Civ. P. 13(h) ("Rules 19 and 20 govern the addition of a person as a party to a

---

³(...continued)
Miller & Mary Kay Kane, Federal Practice and Procedure § 1654 (3d ed. 2001) ("The need for alternative joinder of defendants typically arises when the substance of plaintiff's claim indicates that plaintiff is entitled to relief from someone, but the plaintiff does not know which of two or more defendants is liable under the circumstances set forth in the complaint.")

counterclaim or crossclaim."). "The purpose of [Rule 20] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Mosley v. Gen. Motors Co., 497 F.2d 1330, 1332 (8th Cir. 1974) (citation omitted). Thus, Rule 20 permits all "reasonably related" claims against different parties "to be tried in a single proceeding." Id. A court assesses whether claims are reasonably related on a case by case basis. Id. In addition, not "*all* questions of law and fact raised by the dispute [need] be in common." Id. at 1334 (emphasis in original). Rather, common questions may be found in a "a wide-range of context." Id.

St. Jude seeks to assert alternative counter-claims against AIC and Willis. Each claim arises out of the Policy's formation and requires a judicial determination of the Policy's coverage. Such a determination necessarily involves common questions of law and fact, and joinder of Willis would promote the "just, speedy, and inexpensive determination" of all issues related to this action. Fed. R. Civ. P. 1; see Travelers Ins. Co. v. Intraco, Inc., 163 F.R.D. 554, 556 (S.D. Iowa 1995). Therefore, joinder of

Willis as a defendant in St. Jude's counterclaim is warranted,[4] and the court grants St. Jude's motion.[5]

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. St. Jude's appeal [Doc. No. 79] of the magistrate judge's order [Doc. No. 76] is granted; and

---

[4] The pretrial scheduling order's original deadline to add parties was July 21, 2008. On September 16, 2008, the magistrate judge granted from the bench St. Jude's motion to amend that deadline to allow its motion to add Willis. AIC now argues that St. Jude misrepresented to the magistrate judge its justification for not complying with the original scheduling order and that St. Jude's delay in moving to add Willis provides an independent basis to deny the motion. AIC, however, did not appeal the magistrate judge's decision and the issue is not properly before the court. If AIC believes St. Jude misrepresented facts to the magistrate judge, Rule 11 provides the appropriate vehicle for relief.

[5] Although AIC does not challenge the court's diversity jurisdiction over St. Jude's proposed counterclaim against Willis, the court briefly addresses the issue. A federal court exercising diversity jurisdiction does not have supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) "over claims by plaintiffs against persons made parties under Rule 14, 19, 20 or 24 of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). This limitation does not apply when a counterclaimant asserts a claim against a non-diverse counterdefendant. See Travelers Indem. Co. of Am. v. Holtzman, Civ. No. 4:08-351, 2008 U.S. Dist. LEXIS 63966, at *7-14 (E.D. Mo. Aug. 21, 2008) (issue not decided by Eighth Circuit but other circuits hold non-diverse counterclaim defendant does not destroy diversity jurisdiction). Therefore, Willis's addition as a counterclaim defendant does not affect the court's subject matter jurisdiction.

    2.   St. Jude is granted leave to file an amended answer and counterclaim against Willis.

Dated:   January 7, 2009

                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court